UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DIANE K., : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 22-215WES |
| : | |
| KILOLO KIJAKAZI, : | |
| Acting Commissioner of the Social Security : | |
| Administration, : | |
|     Defendant. : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

This matter is before the Court on Plaintiff Diane K.'s Motion to Proceed *In Forma Pauperis* ("IFP motion") (ECF No. 3). Plaintiff's original financial affidavit reflected that she has no income or assets and only $19 in a bank account, yet that her monthly expenses are $1,620 and she has no debt other than a monthly credit card payment. To inquire further, the Court issued an order on June 1, 2022, directing Plaintiff to supplement her financial affidavit to clarify whether someone is providing financial support for her. ECF No. 4. On July 12, 2022, Plaintiff submitted an addendum to her financial affidavit, which reveals that she lives with her husband who has income well exceeding their household expenses. ECF No. 5. Based on this information, I now conclude that the IFP motion should be denied; therefore, I address it by report and recommendation. Janneh v. Johnson & Wales Univ., No. CA 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed *in forma pauperis* is the functional equivalent of an involuntary dismissal and magistrate judge should issue report and recommendation for final decision by district court).

Section 1915 permits persons otherwise unable to access the courts to proceed without paying such costs as the filing fee and service, which instead are defrayed at public expense. 28 U.S.C. § 1915(a). As Justice Hugo Black, speaking for a unanimous Supreme Court many years ago, made clear:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute . . . . To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution.

Adkins v. E. I. DuPont deNemours & Co., 335 U.S. 331, 339-40 (1948). Nevertheless, the First Circuit has bluntly emphasized that even a plaintiff of small means should be asked to "'put his money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam). Thus, in evaluating the merits of an IFP motion, this Court must "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.). Further, "[i]n making the determination whether a litigant is unable to pay [the initial filing fee], this Court must take into account not only the applicant's personal income but also [her] other financial resources, including income and assets available from a spouse or family members who are part of the close family." Christian v. Warwick Realty, LLC, No. CA 14-152 S, 2014 WL 2434626, at *2 (D.R.I. May 29, 2014).

Plaintiff's IFP affidavit, as supplemented, lists monthly household income (her husband's) of $3,000 and monthly expenses of $1,685. Therefore, Plaintiff's monthly household income not consumed by monthly expenses is $1,315. This is more than sufficient to cover the $402 federal filing fee and the cost of service. Further, Plaintiff's submission does not reflect that she has any dependents requiring her financial support. Accordingly, I find that Plaintiff's IFP application fails to establish that she faces "financial desperation," as her motion suggests. See ECF No. 2 at 1.

Based on the foregoing, I recommend that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF Nos. 3, 5) be DENIED and that she be ordered to pay the filing fee within thirty days of the adoption of this report and recommendation. If she does not pay the filing fee within that time period, I recommend that the case be dismissed. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 13, 2022